IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

LEON LEE MEYERS,				No. C-09-0857 TEH (PR)

        Plaintiff,

        v.					ORDER OF DISMISSAL WITH LEAVE TO AMEND

ALAMEDA COUNTY SHERIFF, et. al.,

        Defendants.
_____/

On February 27, 2009, Plaintiff, a pretrial detainee housed at the Alameda County Jail, Santa Rita Facility, in Dublin, California, filed a pro se Complaint under 42 U.S.C. section 1983 alleging violations of his constitutional rights.  Specifically, Plaintiff alleges that:  (1) beginning on April 21, 2008, unidentified Santa Rita Jail officials were deliberately indifferent to his serious medical needs with respect to his dental care; and (2) on or around June 17, 2008, unidentified Santa Rita Jail officials were deliberately indifferent to his safety by placing him in a holding tank with a known enemy he knows only as "Lucky."  Doc. #1.

On April 22, 2009, Plaintiff filed a First Amended Complaint in which he again alleges that unidentified Santa Rita Jail officials were deliberately indifferent to his safety, this time referring to an incident that took place on or around March 31, 2009, when officials placed him in a holding tank with "Lucky." Doc. #3.

I

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief." Id. § 1915A(b). Pleadings filed by pro se litigants, however, must be liberally construed. <u>Balistreri v. Pacifica Police Dep't.</u>, 901 F.2d 696, 699 (9th Cir. 1990).

To state a claim under 42 U.S.C. section 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. <u>West v. Atkins</u>, 487 U.S. 42, 48 (1988).

A

Deliberate indifference to serious medical needs violates

2

1 the Eighth Amendment's proscription against cruel and unusual
2 punishment.[1]  <u>Estelle v. Gamble</u>, 429 U.S. 97, 104 (1976).  A
3 "serious medical need" exists if the failure to treat a prisoner's
4 condition could result in further significant injury or the
5 "unnecessary and wanton infliction of pain."  <u>McGuckin v. Smith</u>, 974
6 F.2d 1050, 1059 (9th Cir. 1992) (citing <u>Estelle</u>, 429 U.S. at 104),
7 overruled in part on other grounds by <u>WMX Technologies, Inc. v.</u>
8 <u>Miller</u>, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc).  A prison
9 official is "deliberately indifferent" if he knows that a prisoner
10 faces a substantial risk of serious harm and disregards that risk by
11 failing to take reasonable steps to abate it.  <u>Farmer v. Brennan</u>,
12 511 U.S. 825, 837 (1994).

**B**

15     A pretrial detainee establishes a violation of the right
16 to personal security protected by the Due Process Clause of the
17 Fourteenth Amendment by demonstrating that prison officials acted
18 with deliberate indifference.  <u>Redman v. County of San Diego</u>, 942
19 F.2d 1435, 1443 (9th Cir. 1991) (en banc).  A prison official acts
20 with deliberate indifference only if he knows of and disregards an
21 excessive risk to inmate health or safety.  <u>Farmer</u>, 511 U.S. at 837.
22 The official must both be aware of facts from which the inference

---

[1] Although Plaintiff was a pretrial detainee at the time of the alleged constitutional violation, and his medical claim therefore arose under the Due Process Clause, the Eighth Amendment still serves as a benchmark for evaluating the claim.  See <u>Carnell v. Grimm</u>, 74 F.3d 977, 979 (9th Cir. 1996) (Eighth Amendment guarantees provide minimum standard of care for pretrial detainees).

3

could be drawn that a substantial risk of serious harm exists, and he also must draw the inference.  <u>Id.</u>  Negligence is not sufficient to impose liability under section 1983.  <u>Id.</u> at 835; <u>Frost v. Agnos</u>, 152 F.3d 1124, 1128 (9th Cir. 1998).  Rather, the official's conduct must have been "wanton," which turns not upon its effect on the prisoner, but rather, upon the constraints facing the official.  <u>Id.</u> (citing <u>Wilson v. Seiter</u>, 501 U.S. 294, 302-03 (1991)).

## II
### A

Liability may be imposed on an individual defendant under section 1983 if the plaintiff can show that the defendant proximately caused the deprivation of a federally-protected right. See <u>Leer v. Murphy</u>, 844 F.2d 628, 634 (9th Cir. 1988); <u>Harris v. City of Roseburg</u>, 664 F.2d 1121, 1125 (9th Cir. 1981).  Sweeping conclusory allegations will not suffice; the plaintiff must instead "set forth specific facts as to each individual defendant's" deprivation of protected rights.  <u>Leer</u>, 844 F.2d at 634.  Even at the pleading stage, "[a] plaintiff must allege facts, not simply conclusions, that show that an individual was personally involved in the deprivation of his civil rights."  <u>Barren v. Harrington</u>, 152 F.3d 1193, 1194 (9th Cir. 1998).  Although the federal rules require brevity in pleading, a complaint must be sufficient to give the defendants "fair notice" of the claim and the "grounds upon which it rests."  <u>Erickson v. Pardus</u>, 551 U.S. 89, 93 (2007) (citations omitted).  District courts, however, must afford pro se prisoner

4

1  litigants an opportunity to amend to correct any deficiency in their
2  complaints.  <u>Lopez v. Smith</u>, 203 F.3d 1122, 1126-27 (9th Cir. 2000)
3  (en banc).

B

Persons may be joined in one action as defendants so long as:  (1) the right to relief asserted against each defendant arises out of or relates to the same transaction or occurrence, or series of transactions or occurrences; and (2) a question of law or fact common to all defendants arises in the action.  See Fed. R. Civ. P. 20(a)(2).

C

Here, Plaintiff's original Complaint contains an allegation of deliberate indifference to his serious medical needs with respect to his dental care, as well as a completely unrelated claim of deliberate indifference to his safety from acts involving his placement on or around June 17, 2008 in a holding tank with "Lucky," a known enemy.  Plaintiff does not identify by name any specific Defendant who may be liable for the alleged deprivation of his constitutional rights; he only names as Defendants "Alameda County Sheriff (Santa Rita)" and "Prison Health Services."

Plaintiff's First Amended Complaint contains a claim of deliberate indifference to his safety from acts involving his placement in a holding tank again with "Lucky," that occurred on or around March 31, 2009, close to one year after the June 2008

incident.  Plaintiff names as a Defendant Alameda County Sheriff Gregory Ahern, the supervisory official of the jail.

Liberally construed, plaintiff's allegations appear to state section 1983 claims for deliberate indifference to his serious medical needs and to his safety.  Given, however, the deficiencies in his pleadings, i.e., his failure to identify individual defendants and set forth specific facts as to how each individual defendant proximately caused the deprivation of a federally-protected right, and the improper joinder of unrelated claims against unrelated defendants, he will be afforded an opportunity to amend his complaint within thirty days.

### III

For the foregoing reasons, Plaintiff's original Complaint and First Amended Complaint are DISMISSED WITH LEAVE TO FILE A SECOND AMENDED COMPLAINT containing all related claims against all Defendants that Plaintiff wishes to proceed against in this action.  The pleading must be simple, concise and direct and must state clearly and succinctly how each and every Defendant is alleged to have violated Plaintiff's federally-protected rights.  See Leer, 844 F.2d at 634; Harris, 664 F.2d at 1125.  The pleading must include the caption and civil case number used in this order and the words COURT ORDERED SECOND AMENDED COMPLAINT on the first page.  Failure to file a proper Second Amended Complaint within thirty days of this order will result in the dismissal of this action.

Plaintiff is advised that the Second Amended Complaint

1  will supersede the original Complaint and all other pleadings.
2  Claims and Defendants not included in the Second Amended Complaint
3  will not be considered by the Court.  See <u>King v. Atiyeh</u>, 814 F.2d
4  565, 567 (9th Cir. 1987).
5          Plaintiff is further advised that he may file unrelated
6  claims against unrelated Defendants as separate civil rights
7  actions.  See Fed. R. Civ. P. 20(a)(2).

10         IT IS SO ORDERED.

13  DATED    06/16/09                 _____
                                      **THELTON E. HENDERSON**
14                                    **United States District Judge**

26  G:\PRO-SE\TEH\CR.09\Meyers-09-0857-dwlta.wpd

**7**